Filed 6/24/15  In re Michael Z. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL Z.,<br><br>    Defendant and Appellant. | 2d Crim. No. B256569<br>(Super. Ct. No. 2010029230)<br>(Ventura County) |

Michael Z. appeals from a juvenile court order declaring him a ward of the court and committing him to the Division of Juvenile Facilities (DJF) for a maximum term of eight years and six months.  (Welf. & Inst. Code, § 602 (section 602).)  The court based the instant commitment on several sustained section 602 petitions.  Appellant contends that the juvenile court abused its discretion because the evidence is insufficient to support its finding of probable benefit from the commitment to the DJF; and it unreasonably rejected alternative placements without giving them sufficient consideration.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2010, the Ventura County District Attorney filed a section 602 petition, alleging that appellant committed two assaults by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)).[1] The prosecution amended the petition to add a charge of brandishing a weapon (§ 417, subd. (a)). Appellant, then age 13, admitted he brandished a knife. The juvenile court dismissed the assaults, sustained the petition, and granted him probation.

Between September 2010 and January 2014, the juvenile court sustained eight petitions which collectively charged appellant with three, second degree robberies (§ 211); unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)); second degree burglary (§ 459); vandalism (§ 594, subd. (b)(2)); petty theft (§ 484, subd. (a)); and escape (Welf. & Inst. Code, § 871, subd. (d)). While on probation, the court placed appellant on electronic monitoring for seven terms; he successfully completed only three terms. The court also sustained three petitions alleging appellant had violated the terms of his probation. Prior to 2014, the court committed appellant to the juvenile justice facility (JJF) on several occasions for varying time periods.

In April 2013, after sustaining a petition which charged appellant with robbery, the juvenile court committed him to JJF for 365 days. In September 2013, the probation department charged him with violations of probation. Appellant admitted that he started two fights with other minors in JJF. The probation department recommended that the court extend appellant's commitment to JJF for 45 days. The prosecution urged the court instead to commit appellant to the DJF because he had failed to be rehabilitated "at the local level." The court extended appellant's commitment to JJF for 45 days, after making the following statement: "Well, where I'm going is I'm not going to commit him to the [DJF] quite yet, but

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[appellant] should be aware that the next time he comes before me with a problem like this that would be strongly considered. Okay?" Appellant responded by nodding his head "up-and-down."

The JJF released appellant on December 14, 2013. Three days later, he and a fellow gang member attacked a younger student on the school bus, without apparent provocation. Appellant claimed that the victim had made him feel "disrespected." Appellant also used marijuana several times in December and January; failed to report to probation; and did not attend school regularly. The probation department filed a notice of charged violations of probation in January and recommended the court add 120 days to his JJF commitment.

Appellant admitted that he used controlled substances; failed to cooperate with school officials by attacking a younger student on the school bus; associated with gang members; and possessed a weapon (a screwdriver) at school. The juvenile court encouraged the parties to submit whatever evidence they wanted the court to consider before it selected a disposition. The prosecution recommended that appellant be committed to the DJF. Appellant's counsel urged the court to place appellant in a residential treatment facility and submitted a memorandum proposing three possible facilities. The court asked the probation department to consider a DJF commitment for appellant. It again recommended an extension of appellant's JJF commitment. It also advised the court that if he were committed to the DJF, appellant could "continue his education, obtain varied mental health services, attend small group counseling, and individual counseling . . ., anger management classes, undergo substance treatment, and participate in gang and victim awareness education."

During disposition proceedings, the juvenile court stated it had considered the memorandum from appellant's counsel proposing suitable placement and "every document in [appellant's] court file more than once." The court

3

summarized appellant's criminal history, and the many graduated sanctions it had provided for his rehabilitation. The court observed that appellant continued to demonstrate a propensity for violence, and to react to perceived disrespect by assaulting people. It further noted he used gang slogans while instigating assaults in JJF. After finding it probable that appellant would benefit from the "reformatory, educational [opportunities], discipline, and . . . treatment" at DJF, the court committed him there for a maximum term of eight years, six months.

DISCUSSION

Appellant contends that the juvenile court abused its discretion by committing him to the DJF because the evidence is insufficient to support its finding of probable benefit to him. We disagree.

"A decision by the juvenile court to commit a minor to the [DJF] will not be deemed to constitute an abuse of discretion where the evidence 'demonstrate[s] probable benefit to the minor from commitment to the [DJF] and that less restrictive alternatives would be ineffective or inappropriate. . . .' [Citation.]" (*In re Pedro M.* (2000) 81 Cal.App.4th 550, 555-556, disapproved on another ground by *People v. Gonzales* (2013) 56 Cal.4th 353, 375, fn. 6.) "'We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them. . . .'" (*In re Carl N.* (2008) 160 Cal.App.4th 423, 432.)

"A DJF commitment is not necessarily contrary to a minor's welfare," as it "has many rehabilitative programs that can benefit delinquent wards." (*In re Greg F.* (2012) 55 Cal.4th 393, 417.) Some minors "may be best served by the structured institutional environment and special programs available only at the DJF." (*Ibid.*) In determining the best interests of a minor, the juvenile court "must look at the totality of the child's circumstances." (*Ibid.*)

4

Citing *In re Teofilio A.* (1989) 210 Cal.App.3d 571, appellant contends that the juvenile court erred by focusing on public safety rather than less restrictive alternatives which would benefit him. *Teofilio A.* is unavailing. Teofilio lacked a prior criminal record, and the court had relied upon unsupported statements in the probation report which suggested that Teofilio's criminal acts were sophisticated. In addition, the record lacked any evidence that the court had imposed less restrictive dispositions prior to committing Teofilio to the California Youth Authority (CYA, which is now called DJF). In contrast, appellant committed multiple crimes and received many opportunities to reform before the court committed him to the DJF. Appellant also demonstrated that he needed a more structured setting to reform. For example, appellant was on probation in 2010, when he attacked a pizza delivery man and stole his car. In 2013, appellant assisted a friend who approached an unaccompanied man at night, displayed a knife, and robbed him of his cell phone. The court sent him to JJF again, although the prosecution had urged the court to commit him to DJF. Within three days of his subsequent release from JJF, appellant and a fellow gang member assaulted a younger minor on the school bus.

In arguing that the juvenile court abused its discretion by ordering his commitment to DJF, appellant stresses that the probation department did not recommend a DJF commitment. The probation department did, however, advise the court that appellant could participate in a variety of programs in DJF, including anger management classes and substance abuse treatment. After examining "all the relevant circumstances," the court found appellant would "be best served by the structured institutional environment and special programs available [at DJF]." (*In re Greg F.*, *supra*, 55 Cal.4th at p. 417.) Substantial evidence supports that finding.

The record belies appellant's related claim that the court did not give any serious consideration to the residential programs described in counsel's

5

memorandum or the probation department's JJF recommendation. The court expressly indicated it had considered such alternatives.

DISPOSITION

The judgment (order committing appellant to DJF) is affirmed.

<u>NOT TO BE PUBLISHED.</u>


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


6

David R. Worley, Judge

Superior Court County of Ventura
_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Zee Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.